UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUR CHILDREN'S EARTH FOUNDATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, et al.,<br><br>Defendants. | Case No. 14-cv-01130-WHO<br>Case No. 14-cv-04365 WHO<br><br>**ORDER RESOLVING REMAINING ISSUES** |

These related FOIA cases have been litigated almost to conclusion before the Hon. Samuel Conti, who has now retired. Three issues remain, each of which I decide with reference to Judge Conti's prior Orders. For the reasons described below, I agree with the arguments of defendant National Marine Fisheries Service (NMFS) that bring these cases to an end and ask that the parties submit a stipulated form of judgment within ten days.

## BACKGROUND

The parties are intimately familiar with the facts and procedural history of these related cases. For present purposes, it suffices to explain that plaintiffs are environmental organizations who submitted FOIA requests to NMFS regarding agency actions regarding a plan by Stanford University to upgrade water diversion facilities and the impacts those upgrades may have on steelhead trout and other endangered species. Plaintiffs' first lawsuit – *OCE I*, Case No. 14-1130 – generally involves whether NMFS's responses to plaintiffs' FOIA requests were adequate and plaintiffs' second related lawsuit – *OCE II*, Case No. 14-4365 – involves allegations that NMFS has a pattern and practice of tardy and incomplete responses to FOIA requests. *OCE III*, Case No. 15-2558, was dismissed as moot and is no longer at issue. October 21, 2015 Order (Dkt. No. 31) at 22.

**DISCUSSION**

**I. WITHHOLDING OF INFORMATION FROM EXHIBIT 3 TO COSTA REPLY**

Plaintiffs argue that Judge Conti did not rule on whether NMFS appropriately redacted names and contact information from an email chain that was attached as Exhibit 3 to the Costa Declaration (14-1130, Dkt. No. 46-3, "Exhibit 3"). The issue first arose in Judge Conti's March 30, 2015 Order concerning *OCE I*. Dkt. No. 59. Judge Conti explained that NMFS "redacted the names and contact information for two individuals in its Office of Law Enforcement, stating in its Vaughn Index that the 'withheld information consists of the names and contact information of NOAA law enforcement officers. The withheld information constitutes personal information that would constitute an unwarranted invasion of personal privacy in which no public interest has been identified.'" *Id*. at 13. Judge Conti concluded that under FOIA Exemption 6 (5 U.S.C. § 552(b)(6)) NMFS "has failed to provide a particularized explanation of what non-trivial privacy interest would be implicated if these individuals' names and contact information are disclosed." *Id*. at 14-15. While NMFS argued in its briefs (but not in its declarations or *Vaughn* index) that disclosure of this information could subject the individuals to harm because plaintiffs' intended to publicize those individuals' role in the underlying dispute over the water system upgrade, the Court concluded on the record at that juncture "there is no reason aside from speculation for concluding these individuals will be subjected to 'harassment,' 'embarrassment,' 'stigma,' or other negative consequences if their associations with this email are publicly revealed." *Id*. at 15. As a result the Court ordered NMFS to supplement the factual record "to enable the Court to more fully assess what, if any, privacy interests are at stake," and held the summary judgment motion as to Exhibit 3 "in abeyance, until the record is supplemented and the Court determines if additional filings or in camera review is necessary." *Id*. at 16.

In the briefing following that Order, NMFS asserted that the names and contact information were protected by Exemptions 6 and 7(C), as explained in the declaration of Logan Gregory (Dkt. No. 60-2). Gregory stated that the agency redacts that type of information in order to protect its law enforcement officers from being targeted, possibly retaliated against, or harassed as a result of the officers' civil and criminal investigations. Dkt. No. 60-2 ¶¶ 4-5. In response,

plaintiffs argued NMFS had waived any reliance on 7(C) and failed to comply with Judge Conti's order to provide a particularlized explanation showing that a non-trivial privacy interest existed to support the redactions. Dkt. No. 69.

On July 20, 2015, Judge Conti issued an order addressing issues in both *OCE I* and *OCE II*. He did not address withholding under Exemption 6, but did engage in a lengthy discussion of Exemption 7(C) with particular respect to the withholding of law enforcement officer names from an investigator's memo ("Investigator's Memo"). Dkt. No 25 at 14-17. He held that redaction of law enforcement officer names was justified under 7(C) in that NMFS had shown a cognizable privacy interest that was not outweighed by the public interest in determining whether the investigator had access to specific information. *Id*. at 15-16.

Plaintiffs argue that Judge Conti could not have resolved the Exhibit 3 issue in the July 20, 2015 Order because he did not address Exemption 6, did not address plaintiffs' waiver argument as to 7(C), and only expressly addressed the withholding of law enforcement names from the Investigator's Memo under Exemption 7(C). 14-4365, Dkt. No. 32. While that is correct, NMFS contends that Judge Conti necessarily decided the issue because under either Exemption 6 or 7(C), plaintiffs failed to identify any public interest in the production of the names and contact information that would outweigh NMFS assertions of privacy. NMFS argues that the privacy interest in the names and contact information redacted from Exhibit 3 are materially indistinguishable from the privacy interest in the names redacted from the Investigator's Memo. *Id*.

Judge Conti's July 20, 2015 Order did not resolve whether NMFS appropriately redacted the names and contact information from Exhibit 3. However, NMFS did not waive the ability to assert Exemption 7(C); Judge Conti invited NMFS to supplement the record on this issue and gave plaintiffs the opportunity to respond. *See* Dkt. Nos. 59, 62, 69. Under Judge Conti's 7(C) analysis – as explained at pages 14-16 of his July 20, 2015 Order – I conclude that NMFS has identified a cognizable privacy interest supporting redaction of the names and contact information from Exhibit 3 similar to the interest asserted by NMFS with respect to the Investigator's Memo. On the other side of the balance, I do not see any public interest in disclosing the names and

1    contact information.  The only public interest argument put forth by plaintiffs is their ability "to be
2    able to evaluate whether NMFS is adequately searching its files by tasking these personnel with
3    reviewing their files."  Dkt. No. 47 at 19.  The adequacy of NMFS's search is no longer at issue,
4    following Judge Conti's orders.  Consistent with Judge Conti's determination as to the
5    Investigator's Memo, I conclude that NMFS was justified in redacting the law enforcement officer
6    information from Exhibit 3.

**II. PATTERN AND PRACTICE OF SETTING IMPROPER CUTOFF DATES**

Plaintiffs alleged in *OCE I* and *OCE II* that NMFS has a pattern and practice of improperly setting the cut-off date for FOIA searches at the date NMFS receives FOIA requests or the date the agency issues a Tasker memo[1], and not the date when searches actually begin which plaintiffs contend is required under FOIA.  *See* 15 C.F.R. § 4.5(a) ("Records responsive to a request shall include those records within the Department's possession and control as of the date the Department begins its search for them.").

In his July 20, 2015 Order, Judge Conti discussed this claim and concluded that it was at most a factual dispute – because under FOIA responsive records must be produced up to the date the search was started – and ordered NMFS to provide a more detailed account of "exactly when it began its actual search [to] clarify the proper search cutoff dates and allow the Court to resolve this issue on summary judgment."  Dkt. No. 25 at 24.  NMFS was directed to provide "additional evidence regarding the date(s) that searches actually began vice the date that searches were merely tasked."  *Id*.  In response, NMFS submitted additional argument and evidence regarding the date it began its search for responsive documents on two of plaintiffs' FOIA requests, as the "the date the subject-matter expert involved begins the search."  Dkt. No. at 27 at 7; *see also* Dkt. No 30 at 7-8 (Supp. Resp.).  Plaintiffs challenged that additional argument and evidence, asserting that NMFS's

---

[1] In their Supplemental Response in support of their Motion for Summary Judgment, plaintiffs described the Tasker memo as follows:  "NOAA and NMFS create a record when they process a FOIA request.  When the request is received the NOAA FOIA office creates a "tasker memo" that is then sent to a NMFS lead office. The lead office determines who the appropriate subject matter expert is, creates instructions for the search, and then forwards the instructions, the tasker memo, and the request to the subject matter expert. *See e.g.* Supp. Costa Decl., Exs. 16-17."  Dkt. No. 28 at 11-12 n. 3.

supplemental declarations supported plaintiffs' pattern and practice claim. Dkt. No. 28 at 11-13.

Following the additional briefing, Judge Conti again addressed the issue in his October 21, 2015 Order. He rejected plaintiffs' contentions and concluded that clear evidence demonstrated that the principal subject matter expert started his searches for the two FOIA requests on specific dates and included responsive documents from that date. Dkt. No. 31 at 16. Judge Conti concluded, "[t]he Court agrees that a better policy is the search start date of each individual SME, *see* Supp. Malbanan Decl. ¶ 18(b), but finds on these specific facts that Mr. Stern's search alone was sufficient to establish when the Department began to search, and thus a cutoff date in these particular searches." *Id*. Accordingly, the Court found that NMFS fulfilled its obligations as to the two FOIA searches at issue and granted summary judgment in NMFS's favor. *Id*. at 17.

Plaintiffs now complain that Judge Conti limited his analysis to the two specific FOIA requests and did not address plaintiffs' broader pattern and practice claims. Dkt. No. 32 at 4-5. Plaintiffs argue that I should – based on the arguments they presented in their Supplemental Response to Judge Conti – rule that the evidence establishes NMFS had a pattern and practice of setting improper response dates. *Id*. at 5.

NMFS responds that Judge Conti granted summary judgment in their favor on plaintiffs' allegation regarding improper cut-off dates in full, and I agree. As framed by Judge Conti, the issue was what the evidence showed. He reviewed the parties' evidence and their arguments and granted summary judgment to NMFS on this claim *without* reserving the issue of potential pattern and practice violations for cutoff dates.[2] Any disagreement with Judge Conti's resolution of this issue is appropriately raised on appeal and not before me.

## III.  FUTURE INJUNCTIVE RELIEF OR DISMISSAL OF CASES

Plaintiffs in *OCE I* and *OCE II* also assert that NMFS has a pattern and practice of not responding to FOIA requests within the required deadlines. In his July 20, 2015 Order, Judge Conti: (i) issued a declaratory judgment that NMFS has violated FOIA's statutory deadlines in

---

[2] Plaintiffs' argument that Judge Conti reserved the issue because he intended to view plaintiffs' objections to NMFS's evidence in light of the "tardy response" pattern and practice claims addressed later in the October 21, 2015 Order is not persuasive.

responding to plaintiffs' FOIA requests; (ii) required NMFS to provide supplemental briefing on plaintiffs' pattern and practice claim, but with particular respect to NMFS's compliance with deadlines for one of plaintiffs' newer FOIA requests; and (iii) ordered NMFS to comply with its FOIA deadlines "due to the Court's finding that the Fisheries Service has failed to do so previously and the potential that these offenses might continue." Dkt. No. 25 at 25. Judge Conti however, denied without prejudice further injunctive relief "at that time," based in part on plaintiffs repeatedly filing large and complex FOIA requests in rapid succession and evidence that NMFS was making a good faith effort to comply with those requests. *Id*. The Court concluded that "[e]vidence of good faith and the case involved in the motion to relate suggests efforts may have been made to comply with the deadlines, and implies that upon receipt of this order the Fisheries Service will significantly improve its future performance in continuation of its good faith without an injunction by the Court. Therefore, further injunctive relief is DENIED WITHOUT PREJUDICE. The Court will entertain a new petition for injunctive relief at such time as declaratory relief alone fails." *Id*.

In the briefing that followed, the parties continued to dispute whether evidence supported plaintiffs' pattern and practice of delay claim and plaintiffs' argument that further declaratory and injunctive relief was necessary. *See* Dkt. Nos. 27 – 30. In his October 25, 2015 Order, Judge Conti reviewed the further briefing and evidence and concluded that "pieces of information suggest that insofar as there may have been a pattern-and-practice, it is being corrected." Dkt. No. 31 at 18. The evidence, according to Judge Conti, indicated that there was a "trend" towards NMFS curing its past delays, the average processing time was decreasing, and the western region of NMFS had new procedures in place "using modern software, additional personnel, and policy changes (e.g., how the cut-off date changes where there are multiple SMEs assigned) to speed up its process." *Id*. However, that "hopeful news is eclipsed by the evidence the Court has received showing an unmistakable history that the Fisheries Service fails to meet its statutory deadlines under FOIA," in part based upon "the sheer volume of the violation history evidenced just between Plaintiffs and the Fisheries Service" and based on evidence of NMFS's backlog on other requests. *Id*. at 19.

Judge Conti weighed the evidence of past and continued violations as well as the good faith efforts of NMFS to correct them. He relied on his continuing "belief that some leniency in the exercise of [his] discretion" was warranted and ruled as follows:

> GRANTS declaratory relief and states: (1) that the Fisheries Service has previously been engaged in a pattern-and-practice of failure to meet FOIA deadlines; (2) that the Fisheries Service has previously provided responses that were frequently and unreasonably delayed; (3) that due to these delays the Fisheries Service effectively provided no ability to FOIA requestors to anticipate when data might be provided; and (4) that due to these delays information was often provided after a long enough period of time that the data could be out-of-date, effectively negating its value and effectuating a complete denial of information.
>
> The Court also GRANTS a limited form of injunctive relief, and ORDERS that, in addition to its earlier Declaratory Relief, and insofar as any production to Plaintiffs remains outstanding in any FOIA request made on or prior to September 9, 2015 (the date of the last filed supplemental brief), all final results of such searches be provided within 30 days of the date of this Order.
>
> Yet the Court is still sympathetic to the fact that the Fisheries Service continues to receive ongoing, complex FOIA responses, flooding it with administrative work which interferes with its primary duties -- and now the Fisheries Service will need to take even more of its time to answer the below inquiries of the Court. Moreover, the Court recognizes it has not provided the Fisheries Service enough time since issuing its Declaratory Relief to reasonably remedy this pattern-and-practice. The Court believes that the current efforts of the Fisheries Services will assist in this goal. Accordingly, the Court exercises its discretion to DENY WITHOUT PREJUDICE any further injunctive relief at this time.
> This grace period is subject to continued, clear, and effective efforts by the Fisheries Service that it is curing its prior legal violations. How precisely to continue such efforts or organize an agency to best comply with the law is beyond the purview of the Court. Such fixes and organization must come from the Fisheries Service itself, other agencies that control the Fisheries Service, the Executive, or Congress. The Court therefore ORDERS the Fisheries Service to SHOW CAUSE how it is curing its prior legal violations to a sufficient degree the Court should continue to withhold injunctive relief. To meet this showing, the Fisheries Service is ORDERED to submit a document detailing precisely the status of its backlog, how the Fisheries Service intends to (or has been) fixing the problem, the effectiveness of recent changes in eliminating the backlog, how the Fisheries Service will ensure any immediate success will persist beyond the involvement of the Court, and any other information that may be useful for the Court to consider.

*Id*. at 20-21.

In response to the Order to Show Cause, NMFS submitted a detailed description of the current status of the backlog, supported by the declarations of Paul Doremus and Barry Tom.  Dkt. No. 34.  NMFS contends that a dismissal is appropriate because it has reduced its backlog by 78% since June 2014 and expects to eliminate it in its West Coast Region ("WCR") soon.  Doremus Decl. ¶ 9; Thom Decl. ¶ 3 (noting that as of November 19, 2015, WCR only has three backlogged requests, which were on hold for identified reasons).  NMFS also explains in detail how it achieved its progress on the issues identified by Judge Conti; its technical, administrative, and staffing improvements.  Doremus Decl. ¶¶ 15-22; Thom Decl. ¶¶ 7, 8-11, 13, 18, 23.

In response, plaintiffs do not dispute the substance of the evidence provided by NMFS.  Instead, they point to alleged delays by NMFS in responding to additional FOIA requests from plaintiffs.  Dkt. No. 35.  They complain that NMFS has failed to provide a final response to an October 28, 2015 FOIA request seeking updated information on the Stanford project and a November 14, 2015 FOIA request designed to "find out more about NMFS's FOIA compliance efforts."  *Id*. at 2.  Plaintiffs also assert that NMFS has not completed its response to the October 28 and November 14 requests (although they fail to acknowledge that NMFS denied the fee waiver request in part which, NMFS argues, suspends the response deadlines).  *See* NMFS Supplemental Response (Dkt. No. 36) at 2 (citing 5 U.S.C. § 552(a)(6)(A); 15 C.F.R. § 4.11(j)).  Plaintiffs further contend that in response to an August 18, 2015 FOIA request, NMFS withheld one document pending review for release by the EPA, and that the EPA is apparently being dilatory in their review of that document.  Dkt. No. 35 at 3.  Lastly, plaintiffs argue that the evidence of improvement and commitment to continued improvement by NMFS is insufficient in light of past FOIA litigation conducted by plaintiffs' counsel where NSFS's assertions that it was improving its FOIA response times by implementing new computer systems and adding personnel did not actually result in improvements.  Dkt. No. 35 at 9-10.

In light of these "ongoing failures" to comply with FOIA, plaintiffs argue that I should retain jurisdiction.  They ask that I (i) order NMFS to comply with Judge Conti's previous order and issue a final decision on the still-pending October 31, 2015 FOIA administrative appeal and provide responses to the August 18 and October 28 requests; and (ii) keep the present orders "in

effect," requiring NMFS to comply with FOIA deadlines and to submit a response to a further order to show cause after six months as to why a broader injunction should not issue.

Having considered the evidence submitted in response to Judge Conti's Order to Show Cause, as well as the prior record in this case, I find that further injunctive relief is not warranted. In particular, the hard evidence provided about WCR's elimination of its backlog and the actual hiring of additional staff (as opposed to the mere promise or expectation of hiring additional staff), lead me to conclude that further injunctive relief is not warranted and that this case should, finally, come to its conclusion. It is apparent – as Judge Conti found – that NMFS was at one time routinely failing to obey FOIA's deadlines. It is also apparent that NMFS has made significant improvements and structural changes (in technology and staffing) that are to continue in the future. For purposes of these cases, that is enough.

## CONCLUSION

Having fully reviewed the record in these related cases, I conclude that no further action by the Court is warranted. Within 10 days of the date of this Order the parties shall submit a stipulated form of judgment.

**IT IS SO ORDERED**.

Dated: January 20, 2016



WILLIAM H. ORRICK
United States District Judge